```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

THOMAS M. CAROLAN  :
et al.             :
                   :
v.                 :   Civil Action No. WMN-02-0421
                   :
BRANCH BANKING AND TRUST CO. :
et al.             :

## MEMORANDUM

Plaintiffs in this action are Thomas Carolan, individually, as well as sixteen corporations and limited liability corporations, all of which are in the business of building residential homes or residential real estate development. Each of the Plaintiffs had one or more accounts with Defendant Branch Banking and Trust Co. (BBT).[1] Plaintiffs allege in the Complaint that one of Plaintiffs' employees, James Bradley, made numerous unauthorized transfers between Plaintiffs' various accounts. Plaintiffs explain that Bradley's apparent purpose in making these transfers was to cover up cash shortages that he had failed to report to Plaintiffs.[2] Bradley did not personally retain any of the funds from these transfers, nor convert those funds to his own use. Nevertheless, these transfers resulted in damages to Plaintiffs in the form of overdraft fees, accounting fees to reconcile accounts, and overpayment to investors based upon

---

[1] A second defendant, Carroll County Bank and Trust Company was dismissed, by stipulation, after it merged with BBT.

[2] Bradley served as the Comptroller for Plaintiffs.



inaccurate account records.  According to the Complaint, BBT had knowledge that Bradley was not authorized to make these transfers.

Based on these allegations, Plaintiff originally filed this action in the Circuit Court for Baltimore County, asserting claims for breach of contract and negligence.  BBT removed the case to this Court on the basis of diversity.  BBT is a North Carolina Corporation with principal offices in Winston-Salem.  Plaintiffs are all citizens of Maryland for the purpose of determining jurisdiction.  After removal, BBT filed a Motion to Dismiss for Failure to Join an Indispensable Party, Paper No. 14, arguing that Bradley, who is presumed to be a Maryland citizen, is a necessary party to this action whose joinder would destroy complete diversity.

Reviewing the pleadings, it appears that BBT's motion is premised on a misreading of the Complaint.  Where the Complaint is clear that Bradley merely transferred funds amongst the various Plaintiffs' accounts, Defendant adds an allegation not found in the Complaint, <u>i.e.</u>, that Bradley withdrew funds and converted them to his own use.  <u>See</u> Motion at 5 ("Plaintiffs' (sic) have alleged <u>unauthorized withdrawals</u>"), 7 (asserting Bradley "is a necessary party under Rule 19(a)(2)(i) because his interests, namely, his <u>retention of the funds</u> which Plaintiffs claim <u>he took</u> without authorization"), 9 ("Plaintiffs' entire

case turns on whether James Bradley was authorized to make <u>withdrawals</u> from the accounts")(emphasis added).

Had Plaintiffs alleged that Bradley withdrew and retained funds from Plaintiffs' accounts, the cases cited by BBT in its motion might have greater relevance and the Court might reach a different conclusion as to whether Bradley was a necessary or indispensable party based upon the need to protect the divergent interests of the parties.  But under the Complaint as drafted by Plaintiffs, Bradley is neither necessary nor indispensable. Plaintiffs have asserted contract and tort claims against BBT based upon the account agreements between BBT and Plaintiffs. Bradley was not a party to those agreements.  While Plaintiffs may also have claims against Bradley based upon a separate duty of care that he owed Plaintiffs as their Comptroller, those claims are legally distinct from Plaintiffs' claims against BBT and need not be joined with those against BBT.[3]  "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  <u>Temple v. Synthes Corp., Inc.</u>, 498 U.S. 5, 6 (1990).

Aside from BBT's misplaced concerns about Bradley's interest in converted funds, BBT's remaining arguments mostly concentrate

---

[3] Should BBT be found liable to Plaintiffs, BBT might also pursue a claim for indemnity from Bradley.  BBT has not explained how this litigation could, in any way, prejudice its indemnity claim.

3

on the importance of Bradley's testimony. See, e.g., Motion at 9 ("First, Plaintiffs' entire case turns on whether James Bradley was authorized to make withdrawals from the accounts. Second, Defendant's entire defense could likewise be based on Mr. Bradley's response to that question."). BBT has offered no authority for the proposition that, because an individual is a critical witness, that individual is also an indispensable party. Nor is the Court aware of any such authority.

Finding that, under the facts as alleged in the Complaint, Bradley's absence from this litigation will prejudice neither the interests of Plaintiffs, nor BBT, nor Bradley himself, the Court will deny BBT's motion. A separate order will issue.

_____
William M. Nickerson
Senior United States District Judge

Dated: October 16, 2002